**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0342n.06

No. 16-4213

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jun 19, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JERRY A. GLASGOW, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: KEITH, BATCHELDER, and GRIFFIN, Circuit Judges.

PER CURIAM. Jerry A. Glasgow appeals the district court's judgment affirming the denial of his applications for disability insurance benefits and supplemental security income benefits.

In 2011, Glasgow filed applications for disability insurance benefits and supplemental security income benefits, alleging that he became disabled on April 15, 2006. After the Social Security Administration denied the applications, Glasgow requested a hearing before an administrative law judge (ALJ). The ALJ conducted a hearing and denied Glasgow relief. The Appeals Council remanded for further consideration. The ALJ conducted a second hearing and again denied Glasgow relief. The Appeals Council declined to review the case. The district court affirmed the denial of Glasgow's applications.

On appeal, Glasgow makes two arguments: (1) the ALJ erred by discounting the opinions of three examining psychologists and crediting the opinions of two reviewing psychologists and the testimony of a medical expert; and (2) the ALJ erred in assessing the medical opinion of an examining physician. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Glasgow first argues that the ALJ erred by discounting the medical opinions of examining psychologists Dr. Gary Wolfgang, Dr. James Spindler, and Dr. Elvin Coblentz and crediting the opinions of reviewing psychologists Dr. Paul Tangeman and Dr. Tonnie Hoyle and the testimony of Dr. Douglas Pawlarczyk, an impartial medical expert. The examining psychologists opined that Glasgow has numerous work-preclusive functional limitations, including impairments to his ability to understand and carry out instructions, interact with others, maintain concentration and pace, and respond to pressure in a work setting. In contrast, the reviewing psychologists concluded that Glasgow could perform simple, repetitive tasks in a static work environment where interaction with others is superficial. Dr. Pawlarczyk similarly testified that Glasgow could perform simple, low-stress work that involves no more than occasional interaction with coworkers and supervisors and no interaction with the public.

Substantial evidence supports the ALJ's weighing of the opinions at issue. The ALJ reasonably gave little weight to the opinions of Dr. Wolfgang and Dr. Spindler on the basis that nothing in their examination notes supported the severity of their proposed limitations aside from

Glasgow's subjective complaints, which the ALJ found to be unreliable given the inconsistencies between Glasgow's statements and other evidence concerning his prior drug use, his legal and educational history, and his daily activities. In addition, the severity of the proposed restrictions conflicted with the conclusion of a vocational evaluator, who determined that Glasgow was prepared for community employment based on his performance of several jobs over an eight-day assessment period. The ALJ also reasonably discounted Dr. Coblentz's opinion on the basis that he relied in part on Glasgow's unreliable subjective complaints, Glasgow was not taking his psychiatric medication at the time of the examination, and Glasgow was able to testify and answer questions at his hearing without any of the psychological symptoms that were present during his interview with Dr. Coblentz. And the ALJ reasonably credited the testimony of Dr. Pawlarczyk and the opinions of the reviewing psychologists, despite the fact that they did not have access to the entire record, because their conclusion that Glasgow retained the capacity to work was supported by the totality of the medical and vocational evidence in the record. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (concluding that an ALJ may rely on a state agency physician's opinion that is not based on all of the medical evidence in the record if the ALJ takes into account any evidence that the physician did not consider).

Glasgow also argues that the ALJ erred in assessing the opinion of examining physician Judith Brown. Dr. Brown reported that Glasgow was unable to stand on his right leg alone, walk on his heels, walk on his toes, walk heel-to-toe, or squat and that Glasgow's muscle testing results were unreliable because of "too much variation." Dr. Brown opined that, based on her findings, Glasgow's ability to perform work-related activities such as squatting would be at least mildly affected and that Glasgow could probably perform sedentary work. Glasgow contends that the ALJ failed to adequately explain the extent to which he credited Dr. Brown's opinion

and erred by failing to take into account Dr. Brown's determination that Glasgow is limited to sedentary work and cannot squat.

Despite Glasgow's argument to the contrary, the ALJ adequately explained that he was accepting Dr. Brown's personal observations during the examination but discounting her opinion because it was based in part on Glasgow's unreliable subjective complaints and his inconsistent effort during the examination. And substantial evidence supports the ALJ's decision. Given Dr. Brown's determination that Glasgow's muscle testing results were unreliable due to too much variation, the ALJ could reasonably conclude that Glasgow was not putting forth a consistent effort during the examination, thereby undermining Dr. Brown's conclusions concerning Glasgow's functional limitations.

Accordingly, we **AFFIRM** the district court's judgment.